# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICK HEARD; DAVID TRUJILLO;
CARLOS GARCIA; EDWARD SALAS;
and MATTHEW HURST,

        Plaintiff,

vs.                                   No. CIV 18-0297 JB\LF

DAVID JABLONSKI, and GERMAN
FRANCO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915A and rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on the Plaintiffs' Joinder Petition Claims Profound Isolation and Inadequate Mental Health, filed in state court February 6, 2018, filed in federal court March 30, 2018 (Doc. 1-2)("Complaint"). The Court will dismiss all claims in this case on grounds of mootness, immunity, failure to state a claim, and for failure to obey Court orders and rules or to prosecute.

## FACTUAL AND PROCEDURAL BACKGROUND

This proceeding originally commenced in the First Judicial District Court, County of Santa Fe, State of New Mexico, on February 6, 2018. See Complaint ¶ 1, at 1. The Defendants removed the case to federal court on March 30, 2018. See Defendants' Notice of Removal, filed March 30, 2018 (Doc. 1). The named Plaintiffs include Patrick Heard, David Trujillo, Carlos Garcia, Edward Salas, and Matthew Hurst. See Complaint ¶ 1, at 1. The record suggests that Patrick Heard, as the lead Plaintiff, drafted and filed the Complaint. See Complaint at 7, 8 (signed by only Patrick Heard); Defendants' Motion to Dismiss David Trujillo and Edward Salas as Party Plaintiffs at 7,

filed May 10, 2018 (Doc. 37)("Trujillo and Salas MTD")(depicting, in an attachment, that on the Complaint's verification page, handwritten notations from named Plaintiffs other than Heard disavow their signatures as their own). Evidence in the record also indicates that some of the other Plaintiffs may not have been aware of the Complaint's filing and the Plaintiffs' -- other than Heard's -- purported signatures on the verification page under penalty of perjury may not be genuine. See Complaint at 6; Trujillo and Salas MTD at 4, 7.

In the Complaint, the Plaintiffs assert claims arising out of alleged constitutional violations at the Penitentiary of New Mexico ("PNM"), in Santa Fe, New Mexico. See Complaint ¶ 1, at 1. The Plaintiffs assert claims arising out of the PNM's Predatory Behavior Management Program ("PBMP"). See Complaint ¶ 1, at 1. The Plaintiffs allege that the PBMP involves prolonged isolation and inadequate mental health care in violation of their constitutional rights. See Complaint ¶¶ 1-16, at 1-4. The Plaintiffs' prayer for relief includes injunctive and declaratory relief and damages. See Complaint ¶ 17, at 4-5. The Plaintiffs seek injunctive relief, including:

A.  Programming and schedules:

1.  out of cell opportunities therepudic [sic] and non therepudic [sic]

2.  individual therapy

3.  group therapy

4.  anger management, behavirol [sic] therapy

5.  drug and alchol [sic] treatment

6. Wellness Recovery Action Plans, which will be individualized plans

   developed [sic] by staff and prisoners

   The goal of all programing [sic] should be to solve mental illness and either prepare resident inmates for General Population or release

B. mental health staff will be at adaquate [sic] numbers, and adaquately [sic] trained

C. all staff will be trained to properly deal with mentaly [sic] ill inmates

Complaint ¶ 17(A)-(C), at 4-5. The Plaintiffs also seek $50,000.00 in punitive damages for each Plaintiff, court costs and attorney fees, and "any other punitive, compensatory, injunctive relief just and equitable relief that this honorable court deems necessary. Respondants [sic] will be ordered to Declare [sic] that the acts and omissions described herein violated Plaintiffs' rights under the Constitual [sic] laws of the United States and the State of New Mexico." Complaint ¶ 17(F)-(G), at 5.

The Complaint names David Jablonski and German Franco as Defendants. See Complaint ¶ 1, at 1. Jablonski is the Secretary of Corrections for the State of New Mexico, and Franco is the Director of Adult Prisons for the New Mexico Corrections Department, a state agency. See Complaint ¶ 4, at 1. The Plaintiffs sue both Jablonski and Franco in their individual and their official capacities. See Complaint ¶ 4, at 1. Other than stating that Jablonski and Franco are "responsible for Operations and Programs at the New Mexico Corrections Department," the Complaint does not specify any act or omission either by Jablonski or by Franco. Complaint ¶ 4, at 1. Nor does the Complaint name any other defendant or identify any conduct by any individual

official.  The Complaint does not make even generic factual allegations of actions by generic "defendants" or by unknown defendants.

The Defendants have filed multiple motions to dismiss the claims, including: (i) the Trujillo and Salas MTD; (ii) the Defendants' Motion to Dismiss as Moot the Claims of Plaintiff David Trujillo, filed August 24, 2018 (Doc. 56)("Trujillo Moot Claims MTD"); and (iii) the Defendants' Rule 12(b)(1) Motion to Dismiss the Claims of Plaintiffs Patrick Heard, Carlos Garcia, Edward Salas, and Matthew Hurst, filed December 3, 2018 (Doc. 89)("12(b)(1) Motion"). Garcia, Salas, and Hurst have filed timely and untimely responses, and motions in opposition to dismissal of the claims.  See Plaintiff Pleading for Non-Dismissal, filed January 4, 2019 (Doc. 97); Plaintiffs 2nd Motion for non-Dismissal, filed January 14, 2019 (Doc. 101); Motion to Sustain Claims of Plaintiff's Refuting - [sic] Defendants Motion to Dismiss, filed January 16, 2019 (Doc. 103); Defendants' Reply in Support of Their Rule 12(b)(1) Motion to Dismiss the Claims of Plaintiff Edward Salas (Docs. 89, 103), filed January 25, 2019 (Doc. 107).

Beginning in January, 2019, mail sent to Heard's address of record has been returned as undelivered.  See Mail Returned as Undeliverable re 96 Motion for Extension of Time to File Response/Reply as to 89 MOTION to Dismiss , filed January 11, 2019 (Doc. 99); Mail Returned as Undeliverable re 101 MOTION for Hearing, filed January 22, 2019 (Doc. 104); Mail Returned as Undeliverable re 97 Notice (Other), filed January 28, 2019 (Doc. 110); Mail Returned as Undeliverable re 103 MOTION to Sustain Claims, filed January 28, 2019 (Doc. 112); Mail Returned as Undeliverable re 106 Notice (Other), filed February 4, 2019 (Doc. 115); Mail

Returned as Undeliverable re 105 Order to Show Cause, filed February 4, 2019 (Doc. 117); Mail Returned as Undeliverable re 109 Notice (Other), filed February 19, 2019 (Doc. 120); and Mail Returned as Undeliverable re 118 MOTION to Sever, filed February 26, 2019 (Doc. 122). New Mexico Corrections Department Records indicate that the New Mexico Corrections Department released Heard from custody on October 17, 2018. <u>See</u> 12(b)(1) Motion at 8 (citing Affidavit of Alisha Tafoya Lucero, ¶ 7(a), at 3 (dated November 27, 2018), filed December 3, 2018 (Doc. 89-1)("Lucero Aff.")). Since that date, Heard has not provided the Honorable Laura Fashing, United States Magistrate Judge for the District of New Mexico or this Court with a current address, has not responded to Magistrate Judge Fashing's orders, and has not submitted any further filings in this proceeding.

Trujillo has submitted a statement that he was unaware that this lawsuit had been filed, that he did not sign the original Complaint, and that he is not interested in pursuing any claims. <u>See</u> Trujillo and Salas MTD at 7; Affidavit of Hector Cardenas, ¶ 6, at 4 (dated April 2, 2018), filed May 10, 2018 (Doc. 37)("Cardenas Aff."); Trujillo Moot Claims MTD ¶ 4, at 2. Trujillo has also completed the PBMP program and has been transferred to the general prison population at another facility. <u>See</u> Trujillo Moot Claims MTD ¶¶ 5-8, at 2. Trujillo has not responded to any of the motions to dismiss his purported claims and has not made any further filings in this case.

Garcia is also no longer in the PBMP program at the PNM North Facility. <u>See</u> 12(b)(1) Motion at 4. He is currently housed in another general population facility. <u>See</u> 12(b)(1) Motion at 10. Garcia has filed several motions, including a motion asking the Court to sever his claims

on the grounds that: (i) Trujillo is not interested in pursuing the case; (ii) Heard has absconded; and (iii) Garcia's medical and psychological injuries are different from the other Plaintiffs and "should be" confidential.    Motion to Sever  ¶¶ 4-7, at 1, filed February 7, 2019 (Doc. 118)("Severance Motion").

Like Heard, Trujillo, and Garcia, Salas is no longer in the PBMP Program and is no longer housed at the PNM North facility.  See 12(b)(1) Motion at 13, 15.  Last, Hurst is no longer housed at the PNM North facility.  See 12(b)(1) Motion at 16-19.  The record reflects that Hurst is no longer in the PBMP Program.  See 12(b)(1) Motion at 16-19.  The record reflects that none of the Plaintiffs remain incarcerated at the PNM North facility, and none are still in the PBMP.  See 12(b)(1) Motion at 19.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

The Court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B).  Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A

claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Twombly, 550 U.S. at 570.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief, or is frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Hall v. Bellmon, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations, but, instead, may go beyond the pleadings and consider any other materials that the parties filed, as well as court proceedings subject to judicial notice. Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The same legal standards that apply to all litigants, however, judge a pro se plaintiff's pleadings, and a pro se plaintiff must abide by the court's applicable rules. See Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to

support the plaintiff's claims.  See Hall v. Bellmon, 935 F.2d at 1110.  Nor may the court assume the role of the pro se litigant's advocate.  See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING THE DOCTRINE OF MOOTNESS

The doctrine of mootness is grounded in Article III's constitutional limitation on the jurisdiction of federal courts to hear and determine "cases and controversies."  See U.S. Const. art. III, § 2, cl.1.  At the time the litigation is commenced, a plaintiff must show standing under Article III by demonstrating: "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) *a likelihood that a favorable decision will redress the injury*."  Jordan v. Sosa, 654 F.3d 1012, 1019 (10th Cir. 2011)(emphasis added)(citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000)).

There are two mootness doctrines: (i) constitutional mootness, which is based on Article III of the Constitution of the United States of America; and (ii) prudential mootness.  See Am. Constitutional Law Found., Inc. v. Davidson, 211 F.3d 1277, 2000 WL 488460, at *2 (10th Cir. 2000)(unpublished table opinion)("A court may also find a party's claims moot under the doctrine

of 'prudential mootness' even if there is no constitutional mootness problem.").[1]  Constitutional

mootness is a threshold jurisdictional issue that goes to the court's power to hear the case.

Prudential mootness, in contrast, goes to the court's discretion to determine whether the

circumstances have so changed that any meaningful relief is no longer available.  See Hamdan v.

Chertoff, 626 F. Supp. 2d 1119, 1125-26 (D.N.M. 2007)(Browning, J.).

"Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100

F.3d 863, 867 (10th Cir. 1996).  See also Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d

500, 501 (10th Cir. 2000); In re Yellow Cab Co-op. Ass'n, 132 F.3d 591, 594 (10th Cir.

1997)(citing Keyes v. Sch. Dist. No. 1, Denver, 119 F.3d 1437, 1445 (10th Cir. 1997)).  Moreover,

"[t]his requirement exists at all stages of federal judicial proceedings, and it is therefore not enough

that the dispute was alive when the suit was filed; the parties must continue to have a personal

stake in the outcome." McClendon v. City of Albuquerque, 100 F.3d at 867.  Because mootness

_____

[1]American Constitutional Law Foundation, Inc. v. Davidson is an unpublished opinion, but
the Court can rely on an unpublished opinion of the Tenth Circuit to the extent its reasoned analysis
is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not
precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this
circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions
is not favored.  However, if an unpublished opinion . . . has persuasive value with respect to a
material issue in a case and would assist the court in its disposition, we allow a citation to that
decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes
that American Constitutional Law Foundation, Inc. v. Davidson, 211 F.3d 1277, 2000 WL 488460
(10th Cir. 2000), Wood v. Milyard, 414 F. App'x 103 (10th Cir. 2011), and Silverstein v. Federal
Bureau of Prisons, 559 F. App'x 739 (10th Cir. 2014), have persuasive value with respect to
material issues and will assist the Court in its disposition of this Memorandum Opinion and Order.

is an issue of subject-matter jurisdiction, it can be raised at any stage of the proceedings.  See Kennedy v. Lubar, 273 F.3d 1293, 1301-02 (10th Cir. 2001).

"In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world.  When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."  Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010)(citation and quotation marks omitted).  A case becomes moot "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'"  Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012)(quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).  The court will not dismiss a case as moot if:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002)(citations omitted).  See Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1213-14 (10th Cir. 2015).

"Under both Article III and prudential mootness doctrines, the central inquiry is essentially the same: have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief."  S. Utah Wilderness All. v. Smith, 110 F.3d 724, 727 (10th Cir. 1997). "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496 (1969)(internal quotations omitted).  When there is no reasonable expectation that the alleged

violation will repeat itself, and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," a case is moot, "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979).

## LAW REGARDING 42 U.S.C. § 1983 CIVIL RIGHTS CLAIMS

Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution of the United States. See Albright v. Oliver, 510 U.S. 266, 271 (1994)(holding that § 1983 creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Baker v. McCollan, 443 U.S. 137, 14 n.3 (1979); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim against a person in their individual capacity upon which relief can be granted under § 1983, a plaintiff

> must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation; (2) proximately caused); (3) by the conduct

of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Martinez v. Martinez, No. CIV 09-0281 JB\KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)). The Supreme Court of the United States of America has made clear that there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 (holding that regarding individual-capacity claims for alleged constitutional violations under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A § 1983 civil rights action against a public official or entity, thus, may not be based solely on a theory of respondeat superior liability for co-workers' or subordinates' actions; a plaintiff must show an "affirmative link between the supervisor's conduct and the constitutional deprivation"; a plaintiff must show that "a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990). The plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation marks omitted)(quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th

Cir. 2008)(emphasis in original). Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

The State is not a "person" within 42 U.S.C. § 1983's meaning. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989)("Will"). Although § 1983 holds persons liable, in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)("Monell"), the Supreme Court held that a governmental entity may be held responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." Monell, 436 U.S. at 694. "An action against a person in his official capacity is, in reality, an action against the [] entity for whom the person works." Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998)(citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). See Monell, 436 U.S. at 690 n.55 ("[O]fficial capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). A § 1983 claim therefore lies against either an entity or its officers in their official capacity -- not against both the entity and the officers in their official capacity. See Vondrak v. City of Las Cruces, No. CIV 05-0172 JB/LFG, 2009 WL 1300945, at *2 n.1 (D.N.M. March 30, 2009)(Browning, J.). The Supreme Court stated that, to maintain an official-capacity suit, the governmental entity's -- and not the named official's -- policy or custom "must have played a part in the violation of federal law." Hafer v. Melo, 402 U.S. at 25 (internal quotation marks omitted)(quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). A plaintiff "suing a [municipality] under section 1983 for the acts of one of its [employees] must demonstrate two

elements: (1) a municipal employee committed a constitutional violation; and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Okla. Cty. Bd. of Cty. Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998)(citation omitted).

## LAW REGARDING EIGHTH AMENDMENT CLAIMS

The Eighth Amendment to the Constitution of the United States of America prohibits the infliction of "cruel and unusual" punishment. U.S. Const. amend. VIII. The Supreme Court has held "the unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment that the Eighth Amendment forbids. Whitley v. Albers, 475 U.S. 312, 319 (1986). Included among unnecessary and wanton inflictions of pain are those that are totally without penological justification. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981)("Rhodes").

In relation to solitary confinement issues, such as those asserted in this case, the placement of an inmate in less amenable and more restrictive quarters for nonpunitive reasons is within the terms of confinement that a prison sentence ordinarily contemplates. See Sandin v. Conner, 515 U.S. 472, 477-83 (1995)("Sandin"). "To the extent that such conditions are restrictive and even harsh," but not cruel and unusual, "they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Administrative segregation is among the confinements that inmates may reasonably anticipate receiving at some point in their incarceration. See, e.g., Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996). Placing an inmate in segregation

as a preventive measure does not necessarily violate the Eighth Amendment.  <u>See</u> <u>Sandin</u>, 515 U.S. at 484-86; <u>Bailey v. Shillinger</u>, 828 F.2d 651, 653 (10th Cir. 1987).

There is no standardized test used to determine what conditions in administrative segregation violate the Eighth Amendment.  Instead, courts must look at "evolving standards of decency that mark the progress of a maturing society."  <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)(quoting <u>Rhodes</u>, 452 U.S. at 346).  Corrections officers are responsible under the Eighth Amendment "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1310 (10th Cir. 1998).  To be considered cruel and unusual, the conditions of confinement must: (i) be grossly disproportionate to the severity of the crime warranting punishment; (ii) involve the wanton and unnecessary infliction of pain; or (iii) deprive an inmate of the minimal civilized measure of life's necessities.  <u>See</u> <u>Rhodes</u>, 452 U.S. at 346-47.

An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency claimed.  <u>See</u> <u>Shannon v. Graves</u>, 257 F.3d 1164, 1168 (10th Cir. 2001).  The objective component requires alleged conditions sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities.  <u>See</u> <u>Shannon v. Graves</u>, 257 F.3d at 1168 (quoting <u>Rhodes</u>, 452 U.S. at 347).  "Alternatively, a condition must be sufficiently serious so as [to] constitute a substantial risk of serious harm."  <u>See</u> <u>Shannon v. Graves</u>, 257 F.3d at 1168

(citing Helling v. McKinney, 509 U.S. 25, 33-35 (1993)).  The subjective component requires that

prison officials act with a culpable state of mind, meaning that the official acts or failures to act

with deliberate indifference to inmate health and safety.  See Shannon v. Graves, 257 F.3d at 1168

(citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)).

       The subjective component requires a showing that the defendants knew the inmate faced a

substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate

it.  See Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer v. Brennan, 511

U.S. 825, 847 (1994)("Farmer")).  On the other hand, if an official is aware of the potential for

harm but does take reasonable steps to avoid or alleviate that harm, the official will not be liable

under § 1983.  See DeSpain v. Uphoff, 264 F.3d 965, 975 (10th Cir. 2001).  Prison officials who

know of a substantial risk to inmate health or safety are free from liability if they respond

reasonably to the risk, even if the harm ultimately is not averted.  See Howard v. Waide, 534 F.3d

1227, 1239 (10th Cir. 2008)(quoting Farmer, 511 U.S. at 844-45).

       In considering the objective and subjective components in the context of mental health, the

infliction of psychological harm may implicate the Eighth Amendment in that "the extent of any

claimed psychological inquiry may be pertinent to proving a substantial risk of serious harm."

Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001).  Confinement conditions must be

considered as a whole, because multiple deprivations in combination may constitute a

constitutional violation.  See Wilson v. Seiter, 501 U.S. at 304.  The failure to provide basic

necessities, if sufficiently prolonged and severe, can satisfy the Eighth Amendment test's objective

prong.  See Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998).  Thus, the length of time of confinement is one consideration among many in an alleged Eighth Amendment inquiry.  The duration of segregation is part of the Eighth Amendment consideration for the purpose of determining whether such duration is cruel and unusual in light of the conditions imposed.  See Hutto v. Finney, 437 U.S. 678, 687 (1978).

In reviewing both the conditions and duration of confinement, the court is to accord substantial deference to the professional judgment of prison administrators, who bear the responsibility for defining the legitimate goals of a correctional system and for determining the most appropriate means to accomplish those goals.  See Overton v. Bazzetta, 539 U.S. 126, 132 (2003).  Deference in the prison officials' adoption and execution of policies and practices is necessary to preserve internal order and discipline, and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Even if certain prison actions may impinge on an inmate's constitutional rights, they may nevertheless be valid if reasonably related to a legitimate penological interest.  See Frazier v. Dubois, 922 F.2d 560, 562 (10th Cir. 1990)(relying on Turner v. Safley, 482 U.S. 78, 89 (1987)).  Only where prison officials' actions are taken in bad faith and for no legitimate purpose are those actions subject to judicial review.  See Whitley v. Albers, 475 U.S. at 322.  "Conduct in bad faith or for no legitimate purpose constitutes deliberate indifference to a substantial risk of serious harm

to an inmate and violates the Eighth Amendment." <u>Farmer</u>, 511 U.S. at 828; <u>Silverstein v. Fed. Bureau of Prisons</u>, 559 F. App'x 739, 752-55 (10th Cir. 2014)(unpublished).

## LAW REGARDING DISMISSALS UNDER RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pro se litigants must follow the federal rules of procedure and simple, nonburdensome local rules. <u>See</u> <u>Bradenburg v. Beaman</u>, 632 F.2d 120, 122 (10th Cir. 1980). Rule 83.6 of the Civil Local Rules states: "All attorneys of record and ***parties appearing pro se*** have a continuing duty to notify the Clerk, in writing, ***of any change*** in their firm name, ***mailing addresses***, telephone numbers, facsimile numbers, or electronic addresses." D.N.M. LR-Civ. 83.6 (emphasis added). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. <u>See</u> D.N.M. LR-Civ. 83.6.

Rule 41(b) of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court also has the inherent authority and may dismiss an action sua sponte under rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. <u>See</u> <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). The court has the discretion to determine whether the rule 41(b) dismissal should be with or without prejudice. <u>See</u> Fed. R. Civ. P. 41(b).

## <u>ANALYSIS</u>

The Court dismisses Heard's claims for injunctive and declaratory relief as moot, where Heard is no longer part of PBMP and is no longer confined at the PNM North facility. The Court

concludes that Heard's 42 U.S.C. § 1983 claims fail to state a claim for relief, where sovereign immunity bars Heard from asserting § 1983 claims against Jablonski and Franco in their official capacities, and Heard's § 1983 claims against Jablonski and Franco in their individual capacities do not include any specific facts tending to show either Jablonski's or Franco's deliberate indifference to a substantial risk of serious harm. The Court also dismisses Heard's claims under rule 41(b) of the Federal Rules of Civil Procedure because Heard has not complied with Magistrate Judge Fashing's orders or the local rules, and has not prosecuted this case. The Court rules on the various pending motions, denies leave to amend, and dismisses the case with prejudice as to Heard and Trujillo, and dismisses the case without prejudice as to Garcia, Salas, and Hurst.

## I.    <u>**HEARD'S CLAIMS.**</u>

As stated above, the Court dismisses Heard's claims for injunctive and declaratory relief as moot, where Heard is no longer part of PBMP and is no longer confined at the PNM North facility. The Court concludes that Heard's 42 U.S.C. § 1983 claims fail to state a claim for relief, where sovereign immunity bars Heard from asserting § 1983 claims against Jablonski and Franco in their official capacities, and Heard's § 1983 claims against Jablonski and Franco in their individual capacities do not include any specific facts tending to show either Jablonski's or Franco's deliberate indifference to a substantial risk of serious harm. The Court also dismisses Heard's claims under rule 41(b) because Heard has not complied with Magistrate Judge Fashing's orders or the local rules, and has not prosecuted this case. The Court addresses each grounds for dismissal in turn.

**A.  HEARD'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF ARE MOOT.**

In the Complaint, Heard asserts claims that the PBMP at the PNM North facility involves prolonged isolation and inadequate mental health care in violation of his constitutional rights.  <u>See</u> Complaint ¶¶ 1-16, at 1-4.  Heard seeks injunctive and declaratory relief, including:

A.  Programming and schedules:

1.  out of cell opportunities therepudic [sic] and non therepudic [sic]

2.  individual therapy

3.  group therapy

4.  anger management, behavirol [sic] therapy

5.  drug and alchol [sic] treatment

6.  Wellness Recovery Action Plans, which will be individualized plans devoloped [sic] by staff and prisoners

The goal of all programing [sic] should be to solve mental illness and either prepare resident inmates for General Population or release

B.  mental health staff will be at adaquate [sic] numbers, and adaquately [sic] trained

C.  all staff will be trained to properly deal with mentaly [sic] ill inmates

Complaint ¶ 17(A)-(C), at 4-5.

Heard is no longer confined under the PBMP at the PNM North facility, but, instead, has been released from custody.  <u>See</u> 12(b)(1) Motion at 8 (citing Lucero Aff., ¶ 7(a), at 3).  As such, it is no longer possible for the Court to grant effective injunctive or declaratory relief to Heard.  <u>See</u> <u>Abdulhaseeb v. Calbone</u>, 600 F.3d at 1311.  Heard no longer suffers actual injury that a

favorable judicial decision can redress, no live controversy exists, and the injunctive and declaratory claims have become moot. See Rhodes v. Judiscak, 676 F.3d at 933.

**B.      HEARD'S § 1983 DAMAGES CLAIMS FAIL TO STATE A CLAIM FOR RELIEF.**

Heard also asserts claims for compensatory and punitive damages. Although Heard's claims for injunctive relief and declaratory relief are moot in light of his release from custody, Heard might still have damages claims under § 1983. See Powell v. McCormack, 395 U.S. at 495-500; Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1526-27 (10th Cir. 1992). The Complaint's allegations fail to state, however, any viable claim for § 1983 relief under the Twombly and Ashcroft v. Iqbal standards.

To the extent Jablonski and Franco are sued in their official capacities as Secretary of Corrections and Director of Adult Prisons for the State of New Mexico, the Defendants are not "persons" for damages suits within 42 U.S.C. § 1983's meaning. Will, 491 U.S. at 63-64 (1989). The State of New Mexico's sovereign immunity is not abrogated, and the Plaintiffs may not maintain official capacity claims against Jablonski and Franco under § 1983. See Will, 491 U.S. at 67. 71; Wood v. Milyard, 414 F. App'x at 105. The Court will dismiss the official capacity claims against Jablonski and Franco. Nor does the Complaint allege facts sufficient to establish a Monell claim, because the Complaint does not allege the existence of any official policy or custom that is the moving force behind the alleged constitutional deprivations, and the Complaint does not

allege facts demonstrating that an employee committed a constitutional violation.  See Myers v. Okla. Cty. Bd. of Cty. Comm'rs, 151 F.3d at 1318.

In his Complaint, Heard does not identify any other individual officials, nor does he allege any person's individualized action, much less conduct that violates a constitutional right.  See Ashcroft v. Iqbal, 556 U.S. at 676.  The Complaint's averments are insufficient to state a § 1983 claim.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.  Nor does his Complaint contain any factual allegations tending to show any Eighth Amendment violation.  Heard does not factually allege that any prison official's actions are taken in bad faith or for no legitimate purpose.  See Whitley v. Albers, 475 U.S. at 322.  He does not provide the Court with any specific facts tending to show any prison official's deliberate indifference to a substantial risk of serious harm.  See Farmer, 511 U.S. at 828.  Heard's damages claims fail to state any plausible claim for relief, and the Court will dismiss them.  See Twombly, 550 U.S. at 570.

### C.  HEARD HAS NOT COMPLIED WITH COURT ORDERS AND RULES AND HAS NOT PROSECUTED THIS CASE.

Mailings to Heard at his address of record were returned as undelivered.  See Mail Returned as Undeliverable re 96 Motion for Extension of Time to File Response/Reply as to 89 MOTION to Dismiss; Mail Returned as Undeliverable re 101 MOTION for Hearing.  Magistrate Judge Fashing then issued an Order to Show Cause on January 23, 2019, directing Heard to notify the Court of a new address, or otherwise show cause why the Court should not dismiss the case, within twenty-one days of entry of the Order.  See Order to Show Cause, filed January 23, 2019 (Doc. 105)("Show Cause Order").  Additional mail, including the copy of Magistrate Judge

Fashing's Order to Show Cause mailed to Heard's address of record, was also returned as undelivered. See Mail Returned as Undeliverable re 97 Notice (Other); Mail Returned as Undeliverable re 103 MOTION to sustain claims; Mail Returned as Undeliverable re 106 Notice (Other); Mail Returned as Undeliverable re 105 Order to Show Cause; Mail Returned as Undeliverable re 109 Notice (Other); and Mail Returned as Undeliverable re 118 MOTION to Sever. The Court's review of the New Mexico Corrections Department Records confirms that Heard is no longer in the custody of the New Mexico Corrections Department. See 12(b)(1) Motion at 8 (citing Lucero Aff., ¶ 7(a), at 3). More than twenty-one days has elapsed since entry of the January 23, 2019, Order to Show Cause, and Heard has not provided Magistrate Judge Fashing with a new address, responded to the Show Cause Order, or otherwise shown cause why the Court should not dismiss the case.

Heard has not complied with the local rules and has not prosecuted this proceeding by failing to keep Magistrate Judge Fashing advised of his current mailing address. See D.N.M. LR-Civ. 83.6; Bradenburg v. Beaman, 632 F.2d at 122. Heard also has not complied with the Show Cause Order by not responding to it, and by not providing Magistrate Judge Fashing with a current address or showing cause why the Court should not dismiss the case. See Olsen v. Mapes, 333 F.3d at 1204 n.3. The Court will also dismiss all of Heard's claims pursuant to rule 41(b) for failure to comply with the local rules, to comply with the Show Cause Order, and to prosecute this proceeding.

## II.    TRUJILLO'S CLAIMS.

Trujillo has stated on the record that he was unaware that any lawsuit had been filed on

his behalf and that he did not sign the original Complaint's verification.  See Trujillo and Salas MTD at 4, 7.  Trujillo is no longer in the PBMP and is not housed at the PNM North facility.  See Trujillo Moot Claims MTD ¶¶ 5-8, at 2.  He has expressed no interest in pursuing the claims asserted in this case.  See Trujillo and Salas MTD at 4.  The Defendants have moved to dismiss Trujillo's claims on the grounds that they are moot and that Trujillo has not opposed the motions to dismiss.  See Trujillo and Salas MTD; Trujillo Moot Claims MTD; 12(b)(1) Motion.  If there ever was a case or controversy between Trujillo and the Defendants, it no longer exists, and neither party has a legally cognizable interest in the final determination of the underlying questions of fact or law.  See Los Angeles Cty. v. Davis, 440 U.S. at 631.  The Court will grant the Defendants' motions and will dismiss Trujillo's claims as moot.  See Abdulhaseeb v. Calbone, 600 F.3d at 1311.

## III.  GARCIA'S CLAIMS.

Garcia was named as a Plaintiff in the original Complaint filed in state court.  See Complaint ¶ 1, at 1.  Garcia has indicated, however, that the signature on the original Complaint is not his signature.  See Trujillo and Salas MTD at 7.  Garcia has acknowledged that Heard prepared the original filing and alleges that Heard has now "absconded."  Defendants' Reply in Support of Their Rule 12(b)(1) Motion to Dismiss the Claims of Plaintiff Edward Salas (Docs. 89, 103).  Although the record raises issues regarding the validity of the claims originally asserted for Garcia, the Court will treat them as properly made for purposes of this Memorandum Opinion and Order.

Garcia's claims arise out of alleged constitutional violations related to the PBMP at the

PNM North facility.  See Complaint ¶ 1, at 1.  Garcia has completed his time, however, and is no longer in the PBMP, nor is he housed in the PNM North facility.  See 12(b)(1) Motion at 10-12.  As with Heard, it is no longer possible for the Court to grant effective injunctive or declaratory relief to Garcia on his PBMP claims.  See Abdulhaseeb v. Calbone, 600 F.3d at 1311.  There is no longer any relief that the Court can grant Garcia to redress any ongoing injury, and Garcia's injunctive and declaratory claims have become moot.  Rhodes, 676 F.3d at 933.

Similarly, the Complaint's allegations are factually insufficient to state any § 1983 claim.  The Complaint does not contain any factual allegations of individual conduct by any official in violation of the Eighth Amendment or any other constitutional provision.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.  The Complaint does not factually allege that any prison official's actions are taken in bad faith or for no legitimate purpose, and does not show any prison official's deliberate indifference to a substantial risk of serious harm.  See Farmer, 511 U.S. at 828.  See also Whitley v. Albers, 475 U.S. at 322.  Garcia's damages claims, like Heard's, do not state any plausible claim for relief, and the Court will dismiss Garcia's claims.  See Ashcroft v. Iqbal, 556 U.S. at 676; Twombly, 550 U.S. at 570.

IV. **SALAS' CLAIMS.**

There are questions regarding the validity of Salas' claims similar to those issues that Trujillo and Garcia present.  See Trujillo and Salas MTD at 4, 7.  Further, Salas has also completed the PBMP and been transferred out of the PNM North facility.  See 12(b)(1) Motion at 13-15.  For the reasons previously stated with regard to Trujillo and Garcia, Salas' declaratory and injunctive relief claims are now moot, and the original Complaint does not state any claim on which damages

relief can be granted.  See Abdulhaseeb v. Calbone, 600 F.3d at 1311; Ashcroft v. Iqbal, 556 U.S. at 676; Twombly, 550 U.S. at 570.  The Court will dismiss Salas' claims.

## V.   **HURST'S CLAIMS.**

At the time the original Complaint was filed, Hurst was incarcerated in the same housing unit as Heard, and it is unclear whether Hurst participated in preparing and signing that original filing.  See Trujillo and Salas MTD at 4, 7.  Hurst has also completed the PBMP, however, and has been transferred out of the PNM North facility, mooting any claims for injunctive and declaratory relief.  See 12(b)(1) Motion at 17-19; Abdulhaseeb v. Calbone, 600 F.3d at 1311.  The deficiencies in the Complaint's allegations also apply to Hurst, and the Complaint does not state a claim on which § 1983 damages relief can be granted.  Ashcroft v. Iqbal, 556 U.S. at 676; Twombly, 550 U.S. at 570.  The Court will dismiss Hurst's claims.

## VI.   **THE COURT'S RULINGS ON PENDING MOTIONS.**

Also pending before the Court are: (i) the Motion for Injunctive Relief, filed May 4, 2018 (Doc. 29); (ii) Defendants' Motion to Strike Howard Haceesa's First Appearance and Brief in Support With Attachments (Doc. 26), filed May 10, 2018 (Doc. 34); (iii) Trujillo and Salas MTD; (iv) Plaintiff's Request for Judgement [sic] on all Pleadings, filed June 25, 2018 (Doc. 46); (v) the Emergancy [sic] Request for Preliminary Injunctive Order and Brief in Support, filed July 24, 2018 (Doc. 49); (vi) the Trujillo Moot Claims MTD; (vii) the Third Request for Injunctive Relief Second Emergency [sic] Injunction address's [sic] Inadequate PREA and Sexual Harassment followed by Retaliation Causing Irreparable Harm, filed September 18, 2018 (Doc. 68); (viii) the 12(b)(1) Motion; (ix) Plaintiffs 2nd Motion for non-Dismissal; (x) the Motion to Sustain Claims of

Plaintiff's Refuting - [sic] Defendants Motion to Dismiss, filed January 16, 2019 (Doc. 103); and (xi) the Severance Motion. In light of the rulings in this Memorandum Opinion and Order, the Court makes the following rulings on the pending Motions: the Court will: (i) deny the Motion for Injunctive Relief; (ii) deny the Plaintiff's Request for Judgement [sic] on all Pleadings; (iii) deny the Emergancy [sic] Request for Preliminary Injunctive Order and Brief in Support; (iv) deny the Third Request for Injunctive Relief Second Emergancy [sic] Injunction address's [sic] Inadequate PREA and Sexual Harassment followed by Retaliation Causing Irreparable Harm; (v) deny the Plaintiffs 2nd Motion for Non-Dismissal; (vi) deny the Motion to Sustain Claims of Plaintiff's Refuting - [sic] Defendants Motion to Dismiss; (vii) deny the Severance Motion, all as moot in light of the dismissal of this case. The Court grants Defendants' Motion to Strike Howard Haceesa's First Appearance and Brief in Support with Attachments (Doc. 26), the Trujillo Moot Claims MTD, the Trujillo and Salas MTD and the 12(b)(1) Motion.

## VII. THE COURT WILL DENY LEAVE TO AMEND AND DISMISS WITHOUT PREJUDICE.

Although pro se plaintiffs ordinarily should be given a reasonable opportunity to remedy defects in their pleadings, the opportunity to amend should be denied if amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109; Reynoldson v. Shillinger, 907 F.2d at 126. In this case, because Heard has not kept the Court apprised of his correct address, has not complied with the Court's rules and orders, and has not prosecuted this proceeding or communicated with the Court since his release from custody in October, 2018, the Court concludes that granting an opportunity for Heard to amend would be futile. See Show Cause Order; Olsen v. Mapes, 333

F.3d at 1204.  Similarly, for Trujillo, who has expressed no interest in pursuing any claims related to the PBMP and has not opposed dismissal of his claims as moot, allowing him an opportunity to amend the Complaint also would be futile.  See Trujillo and Salas MTD; Trujillo Moot Claims MTD.  See also Abdulhaseeb v. Calbone, 600 F.3d at 1311.  The Court will dismiss Heard's and Trujillo's claims with prejudice and without leave to amend.

Garcia, Salas, and Hurst have all submitted filings that tend to show an interest in pursuing claims related to the PBMP.  The record contains evidence, however, tending to show that Heard may have falsified the signatures of other Plaintiffs, and advanced claims in their names without their knowledge or consent.  See Trujillo and Salas MTD at 4, 7.  If the evidence is true, the validity of the claims set out in the Complaint is questionable and those actions may constitute fraud on the Court in violation of rule 11(b) of the Federal Rules of Civil Procedure.  The record is insufficient for the Court to resolve those issues, but the Court will decline to grant an opportunity to amend a Complaint of questionable validity and, instead, will dismiss Garcia's, Salas', and Hurst's claims without prejudice to a new, individual, 42 U.S.C. § 1983 damages action.  See Powell v. McCormack, 395 U.S. at 495-500; Comm. for the First Amendment v. Campbell, 962 F.2d at 1526-27.

**IT IS ORDERED** that: (i) the Motion for Injunctive Relief, filed May 4, 2018 (Doc. 29); (ii) the Plaintiff's Request for Judgement [sic] on all Pleadings, filed June 25, 2018 (Doc. 46); (iii) the Third Request for Injunctive Relief Second Emergancy [sic] Injunction address's [sic] Inadequate PREA and Sexual Harassment followed by Retaliation Causing Irreparable Harm, filed

September 18, 2018 (Doc. 68); (iv) the Plaintiffs 2nd Motion for non-Dismissal, filed January 14, 2019 (Doc. 101); (v) the Motion to Sustain Claims of Plaintiff's Refuting - [sic] Defendants Motion to Dismiss, filed January 16, 2019 (Doc. 103); and (vi) the Motion to Sever, filed February 7, 2019 (Doc. 118), are denied as moot; (vii) the Defendants' Motion to Dismiss as Moot the Claims of Plaintiff David Trujillo, filed August 24, 2018 (Doc. 56); (viii) the Defendants' Motion to Dismiss David Trujillo and Edward Salas as Party Plaintiffs, filed May 10, 2018 (Doc. 37); and (ix) the Defendants' Rule 12(b)(1) Motion to Dismiss the Claims of Plaintiffs Patrick Heard, Carlos Garcia, Edward Salas, and Matthew Hurst, filed December 3, 2018 (Doc. 89), are granted; (x) the Plaintiffs' Joinder Petition Claims Profound Isolation and Inadequate Mental Health, filed in state court February 6, 2018, filed in federal court March 30, 2018 (Doc. 1-2), and all of Plaintiffs Patrick Heard's and David Trujillo's claims and causes of action are dismissed with prejudice; and (xi) the Plaintiffs' Joinder Petition Claims Profound Isolation and Inadequate Mental Health, filed in state court February 6, 2018, filed in federal court March 30, 2018 (Doc. 1-2), and all of Plaintiffs Carlos Garcia's, Edward Salas', and Matthew Hurst's claims and causes of action are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Patrick Heard
Albuquerque, New Mexico

    *Plaintiff pro se*

David Trujillo
Lea County Correctional Facility
Hobbs, New Mexico

    *Plaintiff pro se*

Carlos Garcia
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

    *Plaintiff pro se*

Edward Salas
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Plaintiff pro se*

Matthew Hurst
Penitentiary of New Mexico, Santa Fe
Santa Fe, New Mexico

    *Plaintiff pro se*


Mark D. Standridge
Jarmie & Rogers, P.C.
Las Cruces, New Mexico

--and--

Paula E. Ganz
New Mexico Corrections Office

Santa Fe, New Mexico

*Attorneys for Defendants David Jablonski and German Franco*